

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,440

### EX PARTE KENNETH TERRELL WATKINS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 241-1113-08-B IN THE 241ST JUDICIAL DISTRICT COURT FROM SMITH COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession of a controlled substance in a drug-free zone in exchange for ten years' deferred adjudication community supervision. His guilt was later adjudicated and he was sentenced to five years' imprisonment. He did not appeal his conviction.

Applicant contends that his trial counsel was ineffective for advising him incorrectly regarding the nature and consequences of his plea. Based on the record, it appeared that Applicant

was incorrectly admonished, both at the time of his original plea and at adjudication that he was pleading guilty to a second degree felony. The offense as charged was a third degree felony with the drug-free zone allegation raising the minimum punishment to seven years' imprisonment, but not affecting the maximum punishment. We remanded this application to the trial court for findings of fact and conclusions of law.

The trial court appointed counsel to represent Applicant in the habeas proceedings, and conducted a habeas hearing. After hearing testimony and evidence, the trial court determined that all parties to this case mistakenly believed that Applicant was charged with a second degree felony. The trial court finds that Applicant was incorrectly admonished, both verbally and in writing, as to the punishment range for this offense. The parties agree that Applicant is entitled to a new trial.

Relief is granted. The judgment in Cause No. 241-1113-08 in the 241st Judicial District Court of Smith County is set aside, and Applicant is remanded to the custody of the sheriff of Smith County to answer the charges as set out in the indictment.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.


Delivered: November 3, 2010
Do Not Publish